# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANDREW BEVINS, JR.,

        Petitioner,   :   Case No. 1:20-cv-166

  - vs -                           District Judge Timothy S. Black
                                      Magistrate Judge Michael R. Merz

WARDEN,
 Madison Correctional Institution,

                                    :
        Respondent.

## TRANSFER ORDER

This habeas corpus case, brought *pro se* by Petitioner Andrew Bevins, is before the Court on Respondent's Motion to Transfer the case to the Sixth Circuit Court of Appeals for that court's determination under 28 U.S.C. § 2244(b) whether the case may proceed (ECF No. 6). The premise of Respondent's Motion is that this is a second or successive habeas petition by Mr. Bevins over which this Court has no jurisdiction absent permission of the circuit court. Bevins opposes a transfer (ECF No. 11).

**Litigation History**

Andrew Bevins was indicted by a Hamilton County, Ohio, grand jury on November 22, 2000, on charges of aggravated burglary and rape. Bevins was eventually sentenced to the prison term he is now serving. After extended process in the state courts, he filed a petition for habeas

1

corpus in this Court. Case No. 1:08-cv-520. Magistrate Judge Timothy Hogan recommended dismissal and District Judge Dlott adopted that recommendation. *Bevins v. Brunsman*, 2009 U.S. Dist. LEXIS 123974 (S.D. Ohio, Dec. 16, 2009). Bevins did not appeal from that judgment or seek a certificate of appealability from the Sixth Circuit; his subsequent efforts to amend that judgment have been rebuffed.

Bevins subsequently filed a petition for post-conviction relief which resulted eventually in an order from the First District Court of Appeals that the trial court must correct its miscalculation of Bevins' credit for pre-trial confinement, **increasing** that credit from 2,236 to 2,256 days. *State v. Bevins*, 2018 Ohio App. LEXIS 5624, ¶ 15 (1st Dist. Dec. 28, 2018). As Bevins himself reports in the Petition, the Court of Common Pleas complied, filing a *nunc pro tunc* corrected judgment entry on February 27, 2019. (Judgment Entry attached to Petition, ECF No. 1, PageID 20-23.) On the basis of this *nunc pro tunc* Entry, Bevins sought amendment of this Court's prior habeas corpus judgment via a motion under Fed.R.Civ.P. 59(e). However, the motion was rejected because of the strict time limits on such motions. *Bevins v. Warden, Lebanon Corr. Inst.*, No. 1:08-cv-520, 2019 U.S. Dist. LEXIS 185214 (S.D. Ohio, Oct. 24, 2019). Bevins then filed the instant Petition on February 6, 2020.[1]

Relying on this history, Respondent moves to transfer this case to the Sixth Circuit as a second or successive habeas petition on which Bevins requires the circuit court's permission to proceed (Motion, ECF No. 6). Recognizing the 2019 *nunc pro tunc* Judgment, the Warden argues it is not the product of a full re-sentencing and therefore does not re-start the second-or-successive counter. *Id.* at PageID 40, citing *Freeman v. Wainwright*, 959 F.3d 226 (6th Cir. 2020)(citing *King*

---

[1] Although the Petition was not docketed until February 27, 2020, Bevins avers that he placed it in the prison mail system on February 6, 2020 (Petition, ECF No. 1, PageID 16). Because it was not postmarked until February 25, 2020, the Magistrate Judge has reason to doubt the accuracy of Bevins' averment. However, the petition appears to be timely regardless of which date is chosen as the filing date.

2

*v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015).

Bevins opposes the transfer (Reply to Respondent's Answer, ECF No. 11).

Petitioner first argues that the Motion to Transfer should be denied because Respondent did not first file the full State Court Record as ordered by Magistrate Judge Bowman. *Id.* at PageID 59. However, the Sixth Circuit requires District Courts to decide whether petitions are second or successive as a matter of jurisdiction. Thus filing the Motion to Transfer was an appropriate response to the Order for Answer.

Bevins next clams that correcting the miscalculation of jail time credit violates the Double Jeopardy Clause. *Id.* at PageID 59-64. He asserts the correction violates his expectation of finality in the prior judgment. *Id.* That claim, however, is completely inconsistent with the position he took in the First District Court of Appeals in his last appearance before them. He was then appealing from denial of his "Motion for Resentencing, Motion for Final Appealable Order and Motion to Correct and Credit Defendant's Jail Time." *Bevins*, 2018 Ohio App. LEXIS 5624, ¶ 3. Thus Bevins actually sought and received the relief which he now asserts violated his Double Jeopardy rights, an increase in his jail time credit.

The relief Bevins seeks here is not some additional correction of his jail time credit. Rather, in his Petition he demands an immediate release from custody (Petition, ECF No. 1, PageID 16). The same is true of his Reply: he claims "because Bevins' sentence is void and invalid and has expired and the judgment entries from September 22nd, 2005, January 31st, 2007 and February 27, 2019, cannot be corrected for lack of jurisdiction where the statute of limitation has run thus, he should be immediately discharged." (ECF No. 11, PageID 64). Thus the instant Petition is not just an attack on the "new" *nunc pro tunc* judgment. This is not a collateral attack on the new judgment, but rather attempts to use the new judgment as a "hook" to attack the conviction itself.

## Analysis

Before Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), there was no limit on the number of times a person confined on a state court judgment could seek habeas corpus relief and no time limit on doing so. In enacting the AEDPA, Congress sought to eliminate these perceived defects in the habeas corpus scheme by adopting a one-year statute of limitations and requiring that any second or successive habeas petition receive permission to proceed from the circuit court of appeals.  Over the twenty-four years since AEDPA was enacted, this has led to some complex jurisprudence about second-or-successive petitions.

The Supreme Court has made it clear that not every second-in-time petition is to be classified as second-or-successive.  "Although Congress did not define the phrase 'second or successive,' . . . it is well settled that the phrase does not simply 'refe[r] to all § 2254 applications filed second or successively in time." *Magwood v. Patterson*, 561 U.S. 320, 331-32 (2010) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)).

Interpreting *Magwood*, the Sixth Circuit has held a full resentencing allows a petitioner to "challenge his undisturbed conviction without triggering the 'second or successive' requirements." *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015).  *King* was extended to Ohio's reopening of a petitioner's sentence merely to enter post-release control. *In re Stansell*, 828 F.3d 412 (6th Cir. 2016), effectively overruling *Askew v. Bradshaw,* 2016 WL 384829 (6th Cir. Feb. 2, 2016), citing *Mackey v. Warden, Lebanon Corr. Inst*., 525 F. Appx 357, 363 (6th Cir. 2013), overruled by *King*. *King* does "not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may

4

not create a new judgment." *In re: Javalen Wolfe*, 2018 U.S. App. LEXIS 3206 (6th Cir. Feb. 9, 2018).

Interpreting 28 U.S.C. § 2244(d) in *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), the court held a new judgment, at least if it imposes a worse than before sentence by imposing post-release control in lieu of parole, resets the statute of limitations clock. 838 F.3d at 677, followed in *Brown v. Harris*, 2018 U.S. Dist. LEXIS 31483 (S.D. Ohio Feb. 27, 2018). The *Crangle* court held that the "second-or-successive" holding in *King* supported its statute of limitations analysis:

> We agree with the *King* court's analysis. The interpretation of "judgment" in *Magwood* and *King* applies with equal force to § 2244(d)(1)(A) and § 2254(a). Accordingly, because "[t]he sentence is the judgment," *Burton v. Stewart,* 549 U.S. 147, 156, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (quotation omitted), a new sentence not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts AEDPA's one-year window to challenge that judgment.

838 F.3d at 678.

Conversely, a new judgment that imposes a better-than-before sentence does not restart the statute of limitations or, inferentially, the second-or-successive counter. *Freeman v. Wainwright*, 959 F.3d 226 (6th Cir. 2020). The *Crangle* court held the same opinion. "As several other courts of appeals have noted, such "a reduced sentence [is] not a new one." *Id.* The *nunc pro tunc* Judgment Entry of February 2019 reduced Bevins' sentence by twenty days by increasing his jail time credit by that amount.

Bevins argues that the *nunc pro tunc* judgment makes his sentence worse, but he has not substantiated that claim by showing how it does so and the claim is, as noted above, inconsistent with his having asked for correction of the jail time credit in his most recent state court action[2].

---

[2] Whether Bevins received as much jail time credit as he asked for is not capable of being determined from the appellate decision and the Respondent has, appropriately, not yet filed the state court record here.

5

It is certainly possible that the Sixth Circuit could disagree with this analysis of § 2244(b). The Magistrate Judge has found no case directly in point holding that an increase in jail time credit is not a "new" judgment so as to re-set the second-or-successive counter. But this Court must make the second-or-successive determination in the first instance; we are not permitted to shift that decision to the Sixth Circuit. *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012).

When the District Court errs by finding a petition is second or successive and the circuit court disagrees, the practice of the Sixth Circuit has been to find that permission to proceed is unnecessary and to remand the case. *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015), citing *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); *In re: Cedric E. Powell*, Case No. 16-3356, 2017 U.S. App. LEXIS 1032 (6th Cir. Jan. 6, 2017). Congress directed the circuit court to make that decision within thirty days[3], so the case should not be substantially delayed by a transfer that results in a remand.

On the other hand, if the District Court decides a petition is not second or successive and proceeds to adjudicate it, it runs the risk of a substantial waste of litigants' time. That is because a District Court has no jurisdiction to consider a second-or-successive petition. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016). Subject matter jurisdiction is a requirement that cannot be waived by the parties, so a judgment entered in a case where the District Court erred (as the circuit court later decides) in finding a petition was not second-or-successive is void. Litigation must then start over if the circuit court gives permission. This is certainly not in the best interests of the habeas petitioner who will remain in custody during both the district court and appellate court proceedings.

---

[3] 28 U.S.C. § 2244(b)(3)(D). The Sixth Circuit has treated this time limit as precatory.

**Conclusion**

Based on the analysis set forth above, the Magistrate Judge concludes that the Petition herein is second-or-successive and orders that this case be transferred to the Sixth Circuit Court of Appeals for determination under 28 U.S.C. § 2244(b) whether it may proceed.

The question of whether a petition is second-or-successive is a non-dispositive pretrial question and therefore within the initial decisional authority of a Magistrate Judge under Fed.R.Civ.P. 72(a).  However, if the Transfer Order is docketed immediately, that case will be forthwith transferred and this Court will lose jurisdiction over it.  *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015).  To ensure that Petitioner can obtain, if he desires it, review of this Transfer Order by a District Judge, the Clerk is directed not to effect the transfer until the later of (1) the date on which Petitioner's time to object expires or (2) the date on which Judge Black has completed any review.

October 13, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Order within fourteen days after being served. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6 for any objections by Petitioner.  Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.