# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW BEVINS, JR., | : | Case No. 1:20-cv-166 |
| Petitioner, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Michael R. Merz |
| WARDEN, Madison Correctional Institution, | : | |
| Respondent. | : | |

## DECISION AND ENTRY
## AFFIRMING THE TRANSFER ORDER
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 18)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Michael R. Merz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on October 13, 2020, ordered that this habeas petition should be transferred to the Sixth Circuit Court of Appeals for determination under 29 U.S.C. § 2244(B) on whether it may proceed as a second or successive application. (Doc. 18).

However, noting that the transfer order would strip this Court of jurisdiction, the Magistrate Judge instructed the Clerk not to effect the transfer until: (1) the date on which Petitioner's time to object expired pursuant to Fed. R. Civ. P. 72(a); or (2) if objections were filed, the undersigned had an opportunity to review the pleadings. (Doc. 18 at 7). Petitioner Andrew Bivens, Jr. filed objections to the transfer order. (Doc. 19).

As required by Fed. R. Civ. P. 72(a), the Court has reviewed the comprehensive findings of the Magistrate Judge, the filings in this matter, and Petitioner's objections. Upon consideration of the foregoing, the Court finds that the transfer order (Doc. 18) should be and is hereby adopted in the entirety and affirmed.

Petitioner objects to the Magistrate Judge's decision, arguing that the petition should not be transferred because the Magistrate Judge refused to consider the state court record related to his arrest date and indictment. (Doc. 18 at 2). The Court finds that this objection is not well-taken.

Before venturing into the state court record, the Magistrate Judge was required to determine whether this Court may exercise jurisdiction over this habeas petition. This analysis did not require review of the state court proceedings; instead, it required the Magistrate Judge to analyze the Petition (Doc. 1), Petitioner's first habeas petition (Case. No. 1:08-cv-520 (S.D. Ohio)), and the other pleadings in the instant action.

Based on this review, the Magistrate Judge concluded – and this Court agrees – that this habeas petition is second or successive to Petitioner's first habeas petition. This conclusion was not clearly erroneous nor contrary to law. Fed. R. Civ. P. 72(a). "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Court of Appeals], the district court <u>shall</u> transfer the document to this court pursuant to 28 U.S.C. § 1631." *Askew v. Bradshaw*, 636 F. App'x 342, 345 n.1 (6th Cir. 2016) (citing *In re Simms*, 111 F.3d 45, 47 (6th Cir. 1997)) (emphasis added).

Accordingly, for the reasons stated above:

1. The Transfer Order (Doc. 18) is **ADOPTED and AFFIRMED**;

2. Plaintiff's objections (Doc. 19) are **OVERRULED**; and

3. The case is hereby **TRANSFERRED** to the Sixth Circuit Court of Appeals for determination under 29 U.S.C. § 2244(B) whether it may proceed.

**IT IS SO ORDERED.**

Date: 5/3/2021

*s/Timothy S. Black*
Timothy S. Black
United States District Judge